## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brittany Leese, | Civil Action No. |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| Trans Union, LLC, | |
| Defendant(s). | |

### COMPLAINT

Plaintiff, Brittany Leese (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendant, Trans Union, LLC ("Trans Union"), alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Trans Union's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

### PARTIES

2. Plaintiff, Brittany Leese, is an adult citizen of the Commonwealth of Pennsylvania.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Trans Union is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

6. Venue in this district is proper on the following bases:
    a. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Trans Union is a resident of this judicial district pursuant to 28 U.S.C. § 1391(c)(2).
    b. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. This case arises out of Trans Union's reporting of accounts on Plaintiff's consumer credit report that do not belong to Plaintiff.

8. The consumer credit report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

9. Specifically, in April 2021, Trans Union was reporting the following accounts on Plaintiff's consumer credit report, none of which belong to Plaintiff:

| Creditor | Balance |
|---|---|
| **AES/PHEAA** | **$1,654.00** |
| **US DEPT. OF EDUCATION/GL** | **$11,208.00** |
| **AES/PHEAA** | **$539.00** |
| **AES/PHEAA** | **$1,301.00** |
| **PENNSYLVANIA ST EMP C U** | **$13,952.00** |
| **SHEFFIELD FINANCIAL LLC** | **$2,539.00** |
| **GLATCO CU** | **$0.00 (REPORTED AS CLOSED** |
| **NEW CUMBERLAND FCU** | **$0.00 (REPORTED AS CLOSED** |
| **GLATCO CU** | **$0.00 (REPORTED AS CLOSED** |
| **SHEFFIELD FINANCIAL LLC** | **$0.00 (REPORTED AS CLOSED** |
| **JPMCB CARD SERVICES** | **$0.00 (REPORTED AS CLOSED** |
| **JPMCB CARD SERVICES** | **$0.00 (REPORTED AS CLOSED** |
| **SYNCB/GAPDC** | **$0.00 (REPORTED AS CLOSED** |
| **MEMBERS 1ST FCU** | **$0.00 (REPORTED AS CLOSED** |
| **CAPITAL ONE BANK USA NA** | **$0.00 (REPORTED AS CLOSED** |
| **COMENITY BANK/NWYRK&CO** | **$0.00 (REPORTED AS CLOSED** |
| **COMENITY BANK/BONTON** | **$0.00 (REPORTED AS CLOSED** |
| **BARCLAYS BANK DELAWARE** | **$0.00 (REPORTED AS CLOSED** |
| **TD BANK USA/TARGET CREDI** | **$0.00 (REPORTED AS CLOSED** |
| **SYNCB/TJX CO DC** | **$0.00 (REPORTED AS CLOSED** |
| **SYNCB/SCOREREWARDS** | **$0.00 (REPORTED AS CLOSED** |
| **JPMCB CARD SERVICES** | **$0.00 (REPORTED AS CLOSED** |
| **SYNCHRONY NETWORKS** | **$0.00 (REPORTED AS CLOSED** |
| **COMENITY BANK/ANNTYLR** | **$0.00 (REPORTED AS CLOSED** |
| **COMENITY BANK/VCTRSSEC** | **$0.00 (REPORTED AS CLOSED** |
| **COMENITYCAPITALBANK/BOSC** | **$0.00 (REPORTED AS CLOSED** |
| **SYNCB/AMERICAN EAGLE** | **$0.00** |
| **WELLS FARGO BANK NA** | **$4,075.00** |
| **SYNCB/OLDNAVYDC** | **$0.00** |
| **M&T BANK** | **$0.00** |
| **NORDSTROMTDBANKUSA** | **$0.00** |
| **SYNCB/ASHLEY HOMESTORES** | **$0.00** |
| **CITICARDS CBNA** | **$2,721.00** |
| **MEMBERS 1ST FCU** | **$8,425.00** |
| **COMENITY BANK/EXPRESS** | **$0.00** |
| **KOHLS DEPARTMENT STORE** | **$308.00** |
| **CAPITAL BANK** | **$34.00** |
| **JPMCB CARD SERVICES** | **$4,734.00** |
| **PENNSYLVANIA ST EMP C U** | **$18,073.00** |
| **MEMBERS 1ST FCU** | **$0.00 (REPORTED AS CLOSED** |
| **SYNCB/LOWES** | **$2,814.00** |
| **SYNCB/GAPDC** | **$116.00** |
| **CITICARDS CBNA** | **$2,721.00** |
| **JPMCB CARD SERVICES** | **$4,734.00** |

10. On April 26, 2021, Plaintiff, via her attorney, notified Trans Union of a dispute with the completeness and/or accuracy of the reporting of the above referenced accounts.

11. Accordingly, Plaintiff disputed the accuracy of the information in accordance with 15 U.S.C. § 1681i of the FCRA.

12. The referenced tradelines continue to appear on Plaintiff's Trans Union consumer credit report.

13. Trans Union has failed to correct the inaccuracies within the time frame mandated by the FCRA.

14. Upon information and belief, Trans Union did not notify any of the furnishers of the dispute by Plaintiff in accordance with the FCRA.

**COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

15. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above as though the same were set forth at length herein.

16. This suit is brought against Trans Union, whose negligent and willful violations of the FCRA have damaged Plaintiff.

17. At all times pertinent hereto, Trans Union was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Trans Union.

18. At all times pertinent hereto, the conduct of Trans Union, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of Plaintiff.

19. Specifically, Trans Union, violated its duties under 15 U.S.C. § 1681a to conduct a good faith investigation into Plaintiff's dispute.

20. Plaintiff's dispute provided Trans Union with sufficient information to show that Plaintiff's credit report was inaccurate as described herein.

21. Trans Union failed to conduct a good faith and/or reasonable investigation into Plaintiff's dispute.

22. Further, Trans Union failed to properly maintain and failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Trans Union.

## CLAIM FOR RELIEF

23. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

25. Plaintiff notified Trans Union of the dispute regarding the inaccuracies in her credit report.

26. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's dispute.

27. Trans Union failed to maintain or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, in violation of 15 U.S.C. § 1681e(b).

28. As a result of Trans Union's violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages in one or more of the following categories: lower

credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages.

29. As a result of the above violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Trans Union as follows:

1. That judgment be entered against Trans Union for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Trans Union for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: June 3, 2021   **GARIBIAN LAW OFFICES, P.C.**

*[signature]*

By:   Antranig Garibian, Esq. (PA Bar No. 94538)
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
ag@garibianlaw.com
*Attorneys for Plaintiff*